37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ramone Anthony CLARK, Defendant-Appellant.
 No. 93-5136.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1994.
Decided Oct. 12, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., Chief District Judge. (CR-92-177)
 Douglas L. Price, Schrader, Byrd, Byrum & Companion, Wheeling, WV for appellant. William A. Kolibash, U.S. Atty., Lisa A. Grimes, Assistant U.S. Atty., Wheeling, WV, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ramone Anthony Clark was sentenced to eighteen months imprisonment following his guilty plea to escape from the Federal Correctional Institution in Morgantown, West Virginia (FCI-Morgantown), in violation of 18 U.S.C.A. Sec. 751(a) (West Supp.1994). He appeals his sentence, alleging as error the district court's determination that FCI-Morgantown was not "non-secure custody" as defined in U.S.S.G. Sec. 2P1.1(b)(3).* We affirm.
 
 
 2
 Guideline section 2P1.1(b)(3) provides a four-level decrease in the base offense level for a defendant who escapes from "the non-secure custody of a community corrections center, community treatment center, 'half-way house,' or similar facility." Non-secure custody is defined as custody with no significant physical restraint, such as an institution with no physical perimeter barrier. U.S.S.G. Sec. 2P1.1, comment. (n.1). A two-part test is used to determine whether the reduction may be made: first, the escape must be from a non-secure facility and, second, the non-secure facility must be similar to a community corrections center, community treatment center, or half-way house. United States v. Sarno, --- F.3d ----, No. 93-5109, 1994 WL 192735 (4th Cir. May 19, 1994).
 
 
 3
 At Clark's sentencing hearing, the district court heard evidence concerning the perimeter barrier at FCI-Morgantown, a minimum security prison, which consisted of a low fence. The court determined that FCI-Morgantown was a secure facility, and not similar to a community corrections center, community treatment center, or half-way house. In Sarno, 1994 WL 192735 at * 5-6, considering the same question, we held that FCI-Morgantown is a secure facility and that, as a result, section 2P1.1(b)(3) did not apply, and no determination as to whether it is a facility similar to a community corrections center, community treatment center, or half-way house was necessary. Accordingly, we find no error in the district court's determination in this case that section 2P1.1(b)(3) did not apply.
 
 
 4
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)